UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
RYAN CHANDLER,

                       Plaintiff,

          -against-

CITY OF MOUNT VERNON,
POLICE OFFICER PATRICK KING,
POLICE OFFICER ROBERT G. PUFF,
POLICE OFFICER MICHAEL P. MOCULSKI,
POLICE OFFICER PHILLIP J. LEONTI,

                      Defendants.
------------------------------------------------------------------X

**DEFENDANTS' PROPOSED JURY INSTRUCTION**

18-cv-10145(NSR)(JCM)

      Defendants CITY OF MOUNT VERNON, POLICE OFFICER PATRICK KING, POLICE OFFICER ROBERT G. PUFF, POLICE OFFICER MICHAEL P. MOCULSKI, and POLICE OFFICER PHILLIP J. LEONTI ("Defendants") respectfully submit the following proposed instructions to the jury:

<u>**GENERAL INSTRUCTIONS**</u>[1]

      1.    Ladies and Gentleman of the Jury, you have now heard all the evidence in this case, as well as the final arguments of the lawyers for each party. Now I must instruct you as to the law you must apply to the facts, evidence, and arguments you have heard. It is your express duty to accept these instructions of law and apply them to the facts as you determine them.

      2.    Pursuant to your oath, you must follow the legal principles I am about to present to you, and you should not consider any statement or ruling that I have made in this case, or in these jury instructions, to be an indication that I have an opinion about the facts in this case.

---

[1] The following jury instructions are quoted in large part from defendants' proposed jury instructions submitted in *Hil et al v. Quigley et al,* 12 Civ. 8691 (AKH)(S.D.N.Y.), and the Jury Charge delivered by the Honorable Katherine B. Forrest, April 7, 2016 (S.D.N.Y.) in *In re Estate of Jaquez v. City of New York*, 10 Civ. 2881.

3.      Furthermore, any opinion, or notions that you may have about what the relevant law is, or should be, are irrelevant to your consideration of the law as I present it to you, and any consideration of outside or personal opinions about the law in this case would be a violation of the oath you have given to base your verdict solely on the law that I provide to you. If an attorney has stated or presented a legal principal different from any that I present to you, then you must ignore that and only follow my instructions.

4.      When evaluating the facts and applying the law, you are not to infer that my rulings on the objections of the attorneys, or any statement I have made in this case, means that I have any opinion about the credibility of any witnesses, or an opinion about how I think you should determine this case. My role in asking questions of witnesses during trial is only to facilitate the process, avoid confusion, and ensure that the testimony is clear.

5.      I will first provide you with some general instructions about the laws which apply in every case, such as burden of proof and the standard for judging the believability of witnesses. Next, I will give you specific rules of law that are pertinent to this specific case and the issue of law in question, and lastly, I will explain to you the procedures that you will follow in your deliberations.

## ROLE OF THE JURY

6.      As members of the jury, you are the sole and exclusive judges of the facts in this case, and your assessment and deliberations must rely upon your own recollection of the evidence that has been presented during the trial.  Specifically, you must determine the credibility of witnesses, and you must resolve any perceived conflicts in any testimony.

7.      What the attorneys have said in their opening or closing statements or in their questions or objections is not evidence.  Furthermore, what I have said during the trial is not

evidence, and the rulings on objections and the questions of witnesses that I have made during the trial are not representative of either my views of the case or any opinion about how you should decide the case.

8.     Again, your duty in determining the facts is to rely upon your own recollection of the evidence.  To this end, your role is to decide whether the Plaintiff has carried its burden to prove that the Defendants are liable.  In determining whether the facts meet that standard, you must weigh the evidence without any sympathy, empathy, passion, or prejudice for or against either party.

## **BURDEN OF PROOF**

9.     This is a civil case, thus Plaintiff must prove each and every element of his claim with respect to the Defendants, as well as damages, by a "preponderance of the evidence." Plaintiff has the burden of proof in this case, so his evidence must be more convincing and persuasive than the evidence presented by the Defendants.  If you find that Plaintiff has failed to meet this burden and establish his claim by a preponderance of the evidence, then you must decide against him.

10.     The standard of "by a preponderance of the evidence" means that Plaintiff must prove that a fact is more likely true than not true.  Furthermore, a preponderance of the evidence means the greater weight of the evidence. The number of witnesses, amount of evidence, or length of time that either side may take in presenting their case has no bearing on a determination of preponderance of the evidence. The standard should be evaluated by considering all witnesses and the evidence presented by both sides.

11.     If you determine that the evidence pertaining to a specific element is equally probable then you must decide against Plaintiff.

## EVIDENCE

12.     The evidence that is before you consists of witness testimony and any exhibits that have been presented.  As stated earlier, any questions asked by the attorneys, or any rulings or statements that I have made, are not evidence and should not be considered by you in rendering your verdict.  There are two types of evidence that you may consider in this case: direct evidence and circumstantial evidence.

13.     Direct evidence is direct proof of fact and is usually in the form of an exhibit or witness testimony.  It could be something that a witness has personally experienced through their own senses, such as something the witness has seen, touched, or heard.  When the evidence is in the form of an exhibit then it is presented to prove a fact by its natural existence or condition.  Certain facts, such as a person's state of mind, are rarely proved by direct evidence.

14.     Circumstantial evidence is simply evidence that tends to prove one fact by presenting proof of other facts.  An example that is often cited to help understand circumstantial evidence is suppose that you wake up in the morning, go outside, and see that the sidewalk is wet.  Based on the wet sidewalk you might determine that it had rained overnight- that is, the wet sidewalk is circumstantial evidence that it rained.  However, you could find out later that there is other evidence or another explanation for the wet sidewalk, such as someone using a hose, or a broken water main.  As a result, it is important to consider all the evidence, using your reason, experience, and common sense, before deciding that a fact has been proven by circumstantial evidence. It is important to also note that you are not to draw an inference of fact based on guesswork or speculation.

## INFERENCE

15.     During trial you may have heard the attorneys ask you to rely on your reason and experience to make an inference about one or more facts based on the existence of other facts so it is important to outline what inference is and how it should be employed in your deliberative process.

16.     An inference is not a suspicion or a guess.  It is a logical conclusion of a disputed fact that we reach based upon another fact which has been shown to exist.  There are times when inferences may be drawn from facts, either by direct or circumstantial evidence, and it is your charge to decide what inferences to draw. In drawing inferences, you should exercise your common sense. It is for you, and you alone, to decide what inferences you will draw, however, keep in mind that the existence of an inference of fact against the Defendants does not relieve the Plaintiff of his burden to prove his case by a preponderance of the evidence.

## CREDIBILITY OF WITNESSES

17.     During this trial you have listened to the testimony of many witnesses.  It is now your duty as a jury to determine the credibility or believability of each witness and decide what weight to give his or her testimony.  You may consider many factors when determining the weight, value, and credibility of a witness: their appearance, their attitude and behavior; their interest in the outcome of the case; any relation they might have to a party in the case; their inclination to speak truthfully or not; the probability or improbability of their statements; their responsiveness or unresponsiveness on direct and cross-examination; the other facts and circumstances in evidence, and of course your own common sense.

18.     While keeping in mind that people often forget things, especially over the passing of time, you should apply the tests for truthfulness that you use in your everyday life, and decide

whether any mistakes or inconsistencies in testimony were the result of an innocent lapse in memory or an intentional misrepresentation. As the sole judges of fact in this case, it is upon you to determine what portions of witness testimony to believe and what weight should be afforded to that testimony.

## THE CLAIMS TO BE DECIDED

19.     In this case, Plaintiff brings an excessive force claim against the Defendants. On March 24, 2012, there was incident involving law enforcement and Mr. Chandler. During that incident the Defendants used force against Mr. Chandler when placing him under arrest. This lawsuit turns on whether the use of force by the Defendants was objectively reasonable in light of the facts and circumstances.

20.     Plaintiff brings two (2) claims against the Defendants. The first is a claim of excessive force under Section 1983 of the United States Code; the second claim is a state-law claim of civil battery; and the third claim is a state-law claim of civil assault. I will now explain each of these claims, and the elements which must be proven by the testimony and evidence introduced by a preponderance of the evidence. Each of these claims will be defined below.

## PLAINTIFF'S CLAIM OF EXCESSIVE FORCE UNDER 18 U.S.C. SECTION 1983

21.     The first claim brought by Plaintiff is a claim for excessive force under Section 1983 of the United States Code. To establish a claim of excessive force under 42 U.S.C. Section 1983, a plaintiff bears the burden of establishing that while acting under the color of state law, the defendants deprived him of his constitutional rights by subjecting him to an unreasonable use of force.

22.     Whether Defendants were acting under the color of state law, is uncontested. The parties do not dispute that Defendants Puff, King, Moculski and Leonti were acting in their

capacity as police officers when they interacted with Plaintiff. Thus, this first element need not be considered by you during your deliberations.

23.     Whether defendants deprived Plaintiff of a constitutional right, however, is disputed by the parties. Plaintiff alleges that Defendants violated his constitutional rights by intentionally and/or recklessly using excessive force against him.  Defendants dispute Plaintiff's version of events and contend that their actions were reasonable under the circumstances. I instruct you as a matter of law that Plaintiff bears the burden of proving that the force used was objectively unreasonable, and therefore unconstitutional.

24.     The Fourth Amendment prohibits the use of unreasonable or excessive force by a police officer in the course of effecting an arrest.[2]

25.     To determine whether an officer's use of force was reasonable, the finder of fact must judge the use of force from the perspective of a reasonable officer on the scene, and not with the 20/20 vision of hindsight. The determination is subject to an objective test of reasonableness under the totality of the circumstances of this specific case.[3] An officer's good intentions does not make an excessive use of force reasonable, and an oficer's bad intentions do not render a reasonable use of force excessive.[4]  Accordingly, an officer's potential subjective motivations or intentions should not be considered.

26.      Circumstances you may consider in your determination include whether the plaintiff actively resisted or attempted to evade arrest, or whether the plaintiff posed a threat to the officers or others on the scene.[5] You must also consider that police officers are often forced to

---

[2] *Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010), citing *Graham v. Connor*, 490 U.S. 386 (1989).
[3] *Sullivan v. Gagnier*, 225 F.3d 161, 165 (2d Cir. 2000).
[4] *In re Estate of Jaquez v. City of New York*, 10 Civ. 2881, Jury Charge delivered by the Honorable Katherine B. Forrest, April 7, 2016 (S.D.N.Y.).
[5] *Brennan v. City of Middletown*, 2020 U.S. Dist. LEXIS 120195, at *21 (S.D.N.Y. July 8, 2020).

make split-second judgments under tense, quickly evolving circumstances.[6]

27.    A police officer is entitled to use some degree of force to effect an arrest, if the decision to do so is reasonable under the circumstances. Not push or shove by a police officer is a violation of a person's constitutional rights.[7] Furthermore an officer is not required by law to use the least amount of force possible.[8] If you find that the use of force the Defendants did employ was objectively reasonable, as that term has been defined for you, then you must find against Plaintiff.[9]

28.    You are instructed that you may not consider whether the police created the need for force in the first place.[10] Whether you believe that the officers may have created the need to use force by their actions is irrelevant to your deliberations, and should not be considered.[11]

## **QUALIFIED IMMUNITY**

29.    Qualified immunity is a defense which shields a police officer from liability if: (1) his conduct does not violate clearly established constitutional rights; or (2) it was objectively reasonable for the officer to believe his conduct did not violate clearly established constitutional rights.[12]

30.    In the excessive force context, an officer is entitled to qualified immunity if a reasonable officer under the same facts and circumstances could have believed that the use of force alleged was objectively reasonable.[13] Accordingly, if you determine that under the facts and

---

[6] *Graham*, 490 U.S. 386.
[7] *Graham*, 490 U.S. at 396.
[8] *Brennan*, at *22.
[9] *Id.*
[10] *See Fortunati v. Campagne*, 681 F. Supp. 2d 528, 536 (D. Vt. 2009).
[11] *See Salem v. Proulx*, 93 F.3d 86, 92 (2d Cir. 1996).
[12] *Bolden v. Village of Monticello*, 344 F. Supp 2d 407, 410 (S.D.N.Y. 2004).
[13] *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir.1995).

circumstances presented to you during this trial, that reasonable police officers could at least disagree as to whether the Defendants' use of force was excessive, you must find that Defendants are entitled to qualified immunity.

## PLAINTIFF'S CLAIM OF MUNICIPAL LIABILITY

31.     The second claim brought by Plaintiff is a claim of municipal liability pursuant to 42 U.S.C. Section 1983, against the City of Mount Vernon. Plaintiff claims that the City of Mount Vernon is liable for Plaintiff's alleged injuries because the Mount Vernon Police Department failed to adequately train, supervise and discipline its officers for the misuse of force. Defendants deny any such wrongdoing or liability on behalf of the City of Mount Vernon.

32.     If the individually named Defendants are found liable for violating Plaintiff's constitutional rights, the City of Mount Vernon may also be held liable if Plaintiff can prove that: 1) the City had an official policy or custom; 2) that caused the Plaintiff to be subjected to; 3) the denial of a constitutional right.[14]

33.     To prevail on his claim for municipal liability under the theory that the City of Mount Vernon failed to properly train or supervise Defendants, Plaintiff must prove a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.[15]

34.     To prevail on this theory of municipal liability, Plaintiff must prove that the alleged failure to provide adequate training or supervision is permanent and well-settled.[16]

---

[14] *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007).
[15] *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 20 10) (Preska, J.) (collecting cases).
[16] *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 532 (S.D.N.Y. 2012)

Plaintiff may not rely on this specific incident only, or any single allegation to establish municipal liability under Section 1983.[17] If Plaintiff has not established a pattern of constitutional violations as a result of the City of Mount Vernon's persistent failure to train and supervise its officers beyond the individually-named Defendants in this case, you must find against Plaintiff.

35.    To establish deliberate indifference on behalf of the City of Mount Vernon, Plaintiff must show that a policymaking official for the City was aware of constitutional injuries, or the risk of constitutional injuries, but failed to take appropriate action to prevent or sanction violations of constitutional rights.[18]

36.    Finally, Plaintiff must prove a direct causal link between the City's alleged failure to train and supervise officers, and the injuries he allegedly sustained as a result of the Defendants' use of force to establish liability of the City of Mount Vernon.

## **DAMAGES**

37.    I will now instruct you on damages, but before I do so I have a few cautionary instructions to give you.  Just because I am giving you an instruction on damages does not mean that I have any opinion as to whether or not the Defendants should be held liable, or that I am assuming that damages are appropriate or inappropriate in this case.  You should not award the Plaintiff any damages if he has not established liability on his claim according to the standards I have set forth.  It is for you alone to determine liability, and damages must be based on evidence and not on any speculation or feelings of sympathy.  The Plaintiff bears the burden of proving damages by a preponderance of the evidence.

---

[17] *City of Canton v. Harris*, 489 U.S. 378, 390-91 (1989)
[18] *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012).

**Compensatory Damages**

38.     The decision to award damages, and the amount to be awarded, must be unanimous.  Compensatory damages include only those injuries that were proximately caused by the Defendants' allegedly wrongful conduct, and any damages you award must be fair compensation, no more and no less.  Compensatory damages may only be derived from the actual moment that force was used and not any other conduct. You may not award compensatory damages for speculative injuries or based on sympathy. The only act of the Defendants at issue for both the purposes of liability and damages is the moment that Defendants used force on Mr. Chandler.

**Nominal Damages**

39.     If you return a verdict for Plaintiff based on his claim, but also find that Plaintiff has failed to prove by a preponderance of the evidence that he is entitled to compensatory damages then you may return an award of one dollar in nominal damages.

**Punitive Damages**

40.     Punitive damages are not awarded as a matter of right, and may only be awarded if Plaintiff has proven that the acts of Defendants which caused his injuries were wanton or showed a callous or reckless disregard for the rights of others. Punitive damages are awarded for the purpose of punishing shocking conduct, and deterring others from engaging in similar conduct under similar circumstances.

41.     Should you determine that punitive damages are warranted, the amount will be determined by you in a separate proceeding. At this time, you must only determine whether punitive damages are warranted based on the evidence presented to you at trial.

## CONCLUDING INSTRUCTIONS

42.    You will soon retire to the jury room to begin your deliberations and once you do so you will select a jury foreperson.  Each of you should decide for yourself, after considering the evidence in the case, and together with your fellow jurors you may only return a verdict once every juror has come to a unanimous decision.  You have reached a verdict as a jury when you have made a thorough and careful determination of the issues in the case and are unanimous in your decision.

**WHEREFORE**, Defendants respectfully submit the proposed jury instructions as set forth herein. Defendants respectfully reserve the right to supplement or amend these proposed instructions in light of developments at trial.

Dated:  White Plains, New York
      November 19, 2021

Respectfully submitted,

_____
Marykate Acquisto, Esq.
The Quinn Law Firm, PLLC
Attorneys for Defendants
399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997-0555
macquisto@quinnlawny.com