UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RYAN CHANDLER,

Plaintiff,

*-against-*

CITY OF MT. VERNON,
POLICE OFFICER PATRICK KING,
POLICE OFFICER ROBERT G. PUFF,
POLICE OFFICER MICHAEL P. MOCULSKI,
and POLICE OFFICER PHILLIP J. LEONTI,

Defendants.
-------------------------------------------------------------------X

**PLAINTIFF'S PROPOSED JURY CHARGE**

19 CV 10950 (JCM)

Magistrate Judge JUDITH C. MCCARTHY:

Juror Attentiveness

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible. It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention. I ask you to give me that same careful attention as I instruct you on the law.

Role of the Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration. On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the juiy room. You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be-or ought to be-it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence. In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in the objections, or in their questions is not evidence. Nor is what I may have said-or what I may say in these instructions-about a fact issue evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven his case. I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on m> part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

Juror Oath

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law. I know that you will do this and reach a just and true verdict.

Jury To Disregard Court's View

I have not expressed nor have I intended to intimate any opinion as to which witnesses arc or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making

your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the Court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind completely, entirely any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between the court and counsel held out of your hearing or sight.

<u>Conduct of Counsel</u>

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the Court. You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury, or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

<u>Race. Religion. National Origin. Sex or Age</u>

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.

It would be improper for you to consider any personal feelings you may have about one of the parties' race, religion, national origin, sex or age.

The parties in this case are entitled to a trial free from prejudice. Our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Sympathy

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

Burden of Proof- Generally

This is a civil case and as such the plaintiff has the burden of proving the material allegations of his complaint by a fair preponderance of the evidence.

If after considering all of the testimony you are satisfied that the plaintiff has carried his burden on each essential point as to which he has the burden of proof, then you must find for the plaintiff on his claims. If after such consideration you find the testimony of both parties to be in balance or equally probable, then the plaintiff has failed to sustain his burden and you must find for the defendant.

Burden of Proof-Preponderance of the Evidence

The party with the burden of proof on any given issue has the burden of proving ever}' disputed element of his claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties-that it is equally probable that one side is right as it is that the other side is right-then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence-he must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales

tip, however slightly, in favor of the party with this burden of proof-that what the party claims is more likely true than not true-then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

What Is and Is Not Evidence

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross- examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict Also, if certain testimony was received for a limited purpose-such as for the purpose of assessing a witness' credibility-you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness's recollection.

Finally, statements which I may have concerning the quality of the evidence do not constitute evidence. It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses-something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct evidence and circumstantial evidence, but simply requires that your verdict be based on all the evidence presented.

Stipulation of Facts

A stipulation of facts is an agreement among the parties that a certain fact is true. You must regard such agreed facts as true.

Inference Defined

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury are permitted to draw-but not required to draw-from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Witness Credibility

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

How do you determine where the truth lies? You watched the witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he appear to be frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his demeanor-that is, his carriage, behavior, bearing, manner and appearance while testifying? Often it is not what a person says but how he says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he testified, the accuracy of his memory, his candor or lack of candor, his

intelligence, the reasonableness and probability of his testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment and your own life experience.

Bias

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection which the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testily falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' interest has affected his testimony.

Discrepancies in Testimony

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness' testimony. On the other hand, discrepancies in a witness's testimony or between his testimony

and that of others do not necessarily mean that the witness' entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witnesses, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

Impeachment bv Prior Inconsistent Statements

You have heard evidence that at some earlier time the witness has said or done something which counsel argues is inconsistent with the witness' trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who may have contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

Right To See Exhibits and Hear Testimony: Communications With the Court

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, you may request that they be brought into the jury room. If you want any of the testimony read, you may also request that. Please remember

that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or teslimony-in fact any communication with the court-should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Duty To Deliberate/Unanimous Verdict

You will now return to decide the case. In order to prevail, the plaintiff must sustain his burden of proof as I have explained to you with respect to each element of his complaint. If you find that the plaintiff has succeeded, you should return a verdict in his favor. If you find that the plaintiff failed to sustain his burden on any element of his claim, you should return a verdict against him.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his conscientious beliefs solely for the purpose of returning a unanimous verdict.

Selection of Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court, but in all other respects will be treated as one of the jurors.

Return of Verdict

After you have reached a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is announced in court. Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

PLAINTIFF'S CLAIMS - GENERALLY

Plaintiff Nathan Zeidman brings this action against the defendant, who is an employee of the New York Police Department. He brings this action pursuant to 42 U.S.C ¶ 1983. This law provides, in pertinent part, that "[every person who, under color of a statute, ordinance, regulation, custom or usage of any State…subjects or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured." In this case, Plaintiff claims that the defendants used excessive force during the course of an arrest, resulting in substantial pain and emotional distress. According to Plaintiff, the excessive use of force was undertaken by the defendant in violation of 42 U.S.C ¶ 1983, as well as the Fourth and Fourteenth Amendments.

ELEMENTS OF SECTION 1983 CLAIM

With respect to Plaintiff's claim under section 1983, Mr. Zeidman must establish all of the following three elements by a preponderance of the evidence:

First that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived him of rights secured by the Constitution of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by Plaintiff.

I shall now examine each of the three elements in greater detail.

As to the first element, there is no controversy here-that is, there is no dispute that, during the events in issue, the defendant officers acted under color of law. Whether the defendants committed the acts claimed by Plaintiff is a question for you, the jury to decide. I will instruct you in a moment on how you will decide that issue. For now, assuming that the defendant did commit those acts, I instruct you that the defendant was acting under color of state law at the time of the acts in question. In other words, the first statutory requirement is satisfied.

The second element of Plaintiff's claim is that the defendants deprived him of the right to be free from excessive force under the Fourth Amendment.

In order for Plaintiff to establish the second element, he must show by a preponderance of the evidence: first, that the defendants committed the acts alleged by him; second, that those acts caused him to suffer the loss of a federal right; and third, that in performing the acts alleged, the defendants acted with the requisite intent.

Finally, as to the third element, Plaintiff must prove that the defendants' conduct was the proximate cause of his injuries and damages. Proximate cause means that there must be a sufficient causal connection between an act of the defendants and any injury or damage sustained by the plaintiff. Under Section 1983, a defendant is responsible for the natural consequences of his actions. An act or omission is a proximate cause if it was a substantial factor in bringing about the plaintiff s injury. You must determine whether injury or damages that Plaintiff suffered were a reasonably foreseeable consequence of the defendants' conduct. An injury that is a direct result, or a reasonable probable consequence of defendants' conduct, was proximately caused by that conduct. The question is whether a reasonable person would regard defendants' conduct as being a cause of the injury. If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location. In addition, there may be more than one proximate cause of an injury. Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

In order to recover damages for an injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendants. If you would find that the defendants proved, by a preponderance of the evidence, that plaintiff complains of an injury which would have occurred even in the absence of the defendants' conduct, you must find that the defendant did not proximately cause plaintiff's injury.

## STATE OF MIND

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendants acted intentionally or recklessly. The plaintiff need not prove that the defendants intended specifically to deprive the plaintiff of his constitutional rights. Rather, the plaintiff must establish that the defendants acted intentionally or recklessly to carry out the actions which resulted in a violation of the plaintiff's constitutional rights. An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences.

## PERSONAL INVOLVEMENT IN A SECTION 1983 VIOLATION

A plaintiff seeking to recover damages for an alleged constitutional deprivation under Section 1983 must show personal involvement on the part of each defendant. To establish that a defendant was personally involved, it is not necessary for plaintiff to establish that the defendant was the ultimate decision maker or the individual whose acts were the direct cause of the alleged deprivation. A defendant may be held liable if he, with knowledge of the illegality, participates in bringing about a violation of the plaintiffs rights but does so in a manner that is indirect, such as ordering or helping others to perform the unlawful acts.

EXCESSIVE FORCE

Plaintiff claims that defendants violated his Fourth Amendment and Fourteenth Amendment rights by using excessive force during the course of his arrest. The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. An arrest is a seizure. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when arrested. Defendant claims that any force or restraint Plaintiff was subjected to was based upon probable cause and resulted from his own conduct.

In making a lawful arrest, police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiff and the defendant would not be sufficient by itself to demonstrate that the defendant violated plaintiff's constitutional rights. On the other hand, you may find that the defendant's conduct did, in fact, constitute unreasonable and excessive force that would render the defendant liable.

The question before you is whether the defendant's actions on the date of the incident were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard to the police officers' underlying subjective intent or motivation That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether Plaintiff posed an immediate threat to the safety of the police officer or others, and whether Plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation. You do not have to determine whether the defendant used the least amount of force possible, for the defendant need only to have acted within the range of conduct identified as reasonable force. Only if you find that the amount of force used was greater than that which a reasonable officer would have employed will the plaintiff have established his claim of excessive force.

Your verdict must be for plaintiff and against the defendant on his claim that excessive force was used during the course of his arrest and if Plaintiff has proven the following elements by a preponderance of the evidence:

First, Defendant committed the acts alleged by Plaintiff, and

Second, Defendant's use of force was excessive because it was not reasonably necessary to effectuate an arrest, and

Third, as a direct result, Plaintiff was damaged, and

Fourth, defendants acted under color of state law.

Plaintiff has the burden of proving that the defendant's actions were a proximate cause of his injuries. Injury is proximately caused by a defendant's conduct when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury. Plaintiff is not required to show that he suffered a serious injury in order to establish an excessive force claim. The severity of the injury, if any, is an issue as to damages, and not to liability.

In sum, if you find that Plaintiff has established, by a preponderance of the evidence, that the Defendant used excessive force during the course of his arrest then Plaintiff is entitled to recover from the defendants for the injuries and damages caused by the excessive force.

However, if you find that Plaintiff has failed to establish, by a preponderance of the evidence, that the defendant used excessive force, or that the excessive force caused his injuries, then your verdict will be in favor of the defendant.

## Damages

If you find that Plaintiff is entitled to recover against the defendant, then you will have to determine the amount of damages that will fairly and reasonably compensate him for those injuries that you find he has sustained as a result of his claims.

Simply because I am giving you instructions on the subject of damages should not be construed by you as any indication that I believe you should find for Plaintiff. That is entirely up to you. I have to charge you on the law of damages in the event that in your deliberations you find that Plaintiff is entitled to recover. Only then do you have to know how to go about computing damages. Thus, in instructing you on damages, I am not expressing any views one way or the other as to whether the plaintiff should recover in this case.

It is for you to decide on the evidence, and the law as I have instructed you, whether the plaintiff is entitled to recover from the defendant. If you have decided that Plaintiff is not entitled to recover, you should go no further. Only if you decide that he is entitled to recover, will you consider the amount of damages to be awarded.

I instruct you that an attorney's statement to you of the amount that you should return in your verdict is not evidence and it is not binding upon you. It is only a lawyer's statement. It is your sole and exclusive function to determine the sum of money that will justly and fairly compensate the plaintiff for any injuries and damages you find he sustained. You will make that determination only from the evidence in this case, based on the law I will give you, and not on the basis of an attorney's statement, claim or argument.

*Causation and Damages*

You may award damages only for those injuries that you find Plaintiff has proven, by a preponderance of the evidence, to have been the direct result of the conduct of the defendant with regard to a federal Section 1983 violation. You must distinguish between, on the one hand, the existence of a violation of Plaintiff's rights and, on the other hand, the existence of injuries and damages naturally resulting from that violation. Thus, even if you find for Plaintiff on any of his claims, you must ask yourself whether he has also proven, by a preponderance of the evidence that the violation of his rights caused the injuries and damages that he claims to have suffered.

*Actual or Compensatory Damages*

In considering an award of damages, your first task is to determine the amount of actual or what the law calls "compensatory" damages allegedly sustained by the Plaintiff. Compensatory damages are not to be awarded or increased to penalize defendants, but rather to make the plaintiff whole-that is, to fairly compensate plaintiff for the damages he suffered as a result of defendant's actions. Compensatory damages are not limited simply to expenses that plaintiff incurred because of his injury. If plaintiff wins, he is entitled to, in addition to his expenses, compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of defendant's conduct.

You should award Plaintiff only an amount that justly and fairly compensates him for any injuries and damages you believe he actually sustained as a direct consequence of a defendant's conduct. Thus, you may not simply award actual damages for any injury Plaintiff suffered. Rather, you must award compensatory damages only for those injuries that are a direct result of actions by a particular defendant, which in turn, caused plaintiffs federal or state law rights to be violated. In addition, compensatory damages may include damages only for injuries that you find to have been proximately caused by acts for which you find the defendants to be liable.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. Overall, your verdict must be based on the evidence.

Pain, Suffering, and Emotional Distress

In assessing compensatory damages, you may include an amount for pain, suffering, and emotional distress -past, present, future—that you determine to be reasonable compensation in light of all the evidence in this case. We all know that the nature and degree of pain and mental distress may differ widely from person to person. Consequently, the law does not try to fix, nor does the law permit, a precise formula by which pain or emotional distress as an element of compensatory damages may be measured and reduced to dollars and cents. Instead of providing a formula for measuring these damages, the law leaves the determination of the amount of damages to the common sense and good judgment of you, the jurors. You should arrive at a monetary amount, in the light of your common knowledge and general experience, and without regard to sentiment, that you deem to be fair, reasonable, and adequate. In other words, without favor, without sympathy, and without any precise formula, you as jurors must arrive at a sum of money that will justly, fairly, and adequately compensate Plaintiff for the actual pain, suffering, and emotional distress you find that he has endured and will endure in the future as the direct result of any constitutional deprivation he may have suffered. The amount of damages should be neither excessive nor inadequate. It should be fair, just, reasonable.

*Punitive Damages*

In addition to either actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to the defendant and others not to engage in that conduct.

If you find from a preponderance of the evidence that Plaintiff is entitled to a verdict for either actual damages, and you further find that the conduct of the defendant, which proximately caused injury or damage to Plaintiff, was done maliciously, or wantonly, or oppressively, then you may add to the award of actual or nominal damages such amount, as you unanimously agree to be proper, as punitive damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the plaintiff individually, or toward all persons in the group or category of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the plaintiff.

An act or a failure to act is "oppressively" done, if done in a way or manner that injures, or damages, or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness or misfortune of the plaintiff.

If you unanimously find, from a preponderance of the evidence in the case, that the defendants' conduct, which proximately caused actual damage to Plaintiff, was done maliciously, or wantonly, or oppressively, it is within your discretion to decide whether to award punitive damages. However, such extraordinary damages may be allowed only if you should first unanimously award Plaintiff a verdict for compensatory damages.

The amount of any punitive damages awarded must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party in the case.

It is entirely up to you to decide whether or not punitive damages should be awarded. In this respect you have considerable discretion. You may decide that even though compensatory damages have been awarded, you believe that no punitive damages are called for.

I can give you no objective yardstick for measuring punitive damages. You will have to use your own common sense and experience and determine what amount would be appropriate to punish the defendants and to create a deterrent example. The amount of punitive damages should be fair and reasonable. It should take into account the degree of reprehensibility of the defendant's conduct and the relationship to the actual harm inflicted on Plaintiff. It should be proportionate to the need to punish the defendants and to deter them and others from like conduct; it should not be based on whim or on unrestrained imagination.

Dated: November 22, 2021
White Plains, NY