UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RYAN CHANDLER,

                                       Plaintiff,

                                                                                                  **PLAINTIFF'S MOTIONS**
                -against-                                               *IN LIMINE*

CITY OF MT. VERNON,                                                  19 CV 10950 (JCM)
POLICE OFFICER PATRICK KING,
POLICE OFFICER ROBERT G. PUFF,
POLICE OFFICER MICHAEL P. MOCULSKI,
and POLICE OFFICER PHILLIP J. LEONTI,

                                       Defendants.
------------------------------------------------------------------------X

    Plaintiff, Ryan Chandler, by and through his attorney, Alexis G. Padilla, in anticipation of trial in the above-captioned matter, respectfully submits the following motions *in limine*:

    I.      That the defense be precluded from mentioning or introducing into evidence records related to plaintiff's criminal and arrest history

    II.     That the defense be precluded from mentioning or introducing into evidence prior incidents which may have involved allegations of the plaintiff swallowing drugs

## APPLICABLE LAW

    The scope and extent of cross-examination is a matter committed to the sound discretion of the District Court. See: *United States v. Wilkerson*, 361 F.3d 717, 734 (2d Cir. 2004). The court may properly bar cross-examination that is marginally relevant to the pertinent issues before the court. See: *United States v. Maldonado-Rivera*, 922 F.2d 934, 956 (2d Cir. 1990); see also Fed. R. Evid. 611 (stating that "court should exercise reasonable control…so as to…avoid wasting time [] and protect witnesses from harassment or undue embarrassment"). Moreover, "the decision to restrict cross-examination will not be reversed absent an abuse of discretion."

*United States v. Lawes*, 292 F.3d 123, 131 (2d Cir. 2002) (quoting *United States v. Rosa*, 11 F.3d 315, 335 (2d Cir. 1993)).

Federal Rule of Evidence 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, ... or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While "`a mechanical recitation of the Rule 403 analysis is not required,'... `the district court must make a `conscientious assessment' of whether unfair prejudice substantially outweighs probative value.'" *United States v. Scott,* 677 F.3d 72, 84 (2d Cir. 2012) (quoting *United States v. Pitre,* 960 F.2d 1112, 1120 (2d Cir. 1992), and then quoting *United States v. Salameh,* 152 F.3d 88, 110 (2d Cir. 1998) (per curiam)).

## ARGUMENT

1. **Plaintiff seeks an Order precluding the defense from mentioning or introducing into evidence records of any of his convictions or arrests**

Plaintiff has a long criminal history stemming from years of drug addiction. He has never been convicted of a violent crime or any crime involving fraud or some other form of lying. Most of his arrests and convictions are over ten years old. While there was some testimony from the defendants during depositions suggesting that they were aware of plaintiff prior to the day in question none of the officers testified to having any knowledge of plaintiff's criminal and arrest history.

The records which the defense seeks to admit are not relevant to the question of whether excessive force occurred. There is no probative value to introducing the fact that plaintiff was arrested or convicted of a crime on a prior occasion where the only question the jury is being asked to answer is whether he was subjected to excessive force. The jury is not being asked to make any credibility determinations where the basic facts are not in dispute and there is

exceptionally clear video that documents the entirety of the interaction between plaintiff and the defendants. Further, introducing evidence of plaintiff's prior arrests and convictions threatens to confuse the jury, which may think that it is being asked to determine whether plaintiff's criminal history is a defense to the allegation of excessive force. This would be grossly improper and risks subverting the purpose of the trial. For these reasons, plaintiff seeks an Order precluding the defense from mentioning or introducing into evidence plaintiff's criminal and arrest history.

2. **Plaintiff seeks an Order precluding the defense from mentioning or introducing into evidence prior incidents in which plaintiff was accused of swallowing drugs**

On at least one occasion prior to the day in question, plaintiff was accused of swallowing drugs to avoid being found in possession of narcotics by police officers. In his use of force report and in his deposition testimony, defendant Puff stated that he struck plaintiff above the clavicle to prevent him from swallowing the drugs that were eventually seized from him. Plaintiff has no objection to this testimony but does seek an Order precluding the defense from mentioning or introducing into evidence any prior incidents in which plaintiff may have been accused of swallowing drugs. First, this information is hearsay and not subject to any exception where none of the officers can testify to personally having participated in an arrest of plaintiff in which he allegedly swallowed or attempted to swallow drugs. Second, it threatens to confuse the jury where they may be led to believe that the plaintiff's previously having attempted to swallow drugs in the course of an arrest is a defense to excessive force. Lastly, whether plaintiff was previously accused or did in fact swallow drugs on some prior occasion is not relevant to the question of whether the defendants used excessive force against him on the day in question. The probative value of introducing prior incidents involving similar allegations is far outweighed by the prejudice that would accrue to the plaintiff and the risk of confusing the

jury. For these reasons, plaintiff seeks an Order precluding the defense from mentioning or introducing into evidence prior incidents in which plaintiff may have been accused of swallowing drugs in the course of an arrest.

## CONCLUSION

In conclusion, plaintiff respectfully asks this Court to grant his motions in limine in their entirety.

Dated: November 22, 2021
      White Plains, NY               Respectfully submitted by:

/s/

*Alexis G. Padilla, Esq.*
*Attorney for Ryan Chandler*